IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

|  |  |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>SKYCHIEF CHIEFSTICK LEWIS,<br><br>Defendant. | CR-25-14-GF-BMM<br><br>FINDINGS AND<br>RECOMMENDATION |

Before the Court is an Amended Petition filed on February 9, 2026, alleging Defendant Skychief Chiefstick Lewis violated conditions of his supervised release. (Doc. 44). The Court held a revocation haring on February 18, 2026.

The Amended Petition filed in this case asserts that Lewis committed three violations of his conditions of release. (Doc. 44). First, the petition alleges that Lewis violated the standard condition requiring him to report to the probation office within 72 hours of release from imprisonment, unless the probation officer instructs otherwise. The petition alleges that Lewis was released from custody on January 6, 2026 and failed to report to the United States Probation Office or to his supervising officer since that time, and attempts to locate the defendant were unsuccessful. (Doc. 44 at 1-2).

1

Second, the petition alleges that Lewis violated the standard condition requiring him to follow the instructions of the probation officer related to the conditions of supervision. The facts alleged in support of this violation are as follows: On January 14, 2026, the supervising officer attempted to located Lewis and made contact with Lewis's father, who was able to reach Lewis on the phone. The supervising officer spoke with Lewis, who claimed to have no knowledge that he was on supervision. The supervising officer instructed Lewis to return to his father's residence to review the conditions of his release, but Lewis refused. The supervising officer then instructed Lewis to meet with her in the post office parking lot in Hays because he refused to provide his address, and Lewis did not report as directed. (Doc. 44 at 2).

Third, the petition alleges that Lewis violated the mandatory condition requiring him to refrain from any unlawful use of a controlled substance. The petition asserts that after being taken into custody on February 6, 2026, Lewis provided a urine sample that tested positive for methamphetamine and THC. Lewis admitted to use of both substances, with his last use estimated to be on February 4, 2026. (Doc. 44 at 2).

At the final revocation hearing on February 18, 2026, Lewis appeared with counsel and admitted to the three violations alleged in the Amended Petition. Based on Lewis's admissions to the allegations in the petition, the Court finds by a

2

preponderance of the evidence that Lewis violated the conditions of his supervised release as alleged in the petition.

The United States, Lewis's counsel, and Lewis were each given an opportunity to address the Court as to their recommendations and requests for an appropriate sentence and disposition of the petition. Having considered the record in this case, and the evidence and arguments presented at the revocation hearing,

IT IS RECOMMENDED that the District Court revoke Lewis's supervised release, and that Lewis be committed to the custody of the United States Bureau of Prisons for a term of imprisonment until July 8, 2026. Upon release from imprisonment, Lewis shall be placed on supervised release for a term of 30 months. Within 72 hours of release from custody of the Bureau of Prisons, Lewis shall report in person to the probation office in the district to which he is released.

While on supervised release, the defendant shall not commit any Federal, state, or local crime, and shall not possess a controlled substance. The defendant shall be prohibited from owning, using, or being in constructive possession of firearms, ammunition, or other destructive devices while on supervision and any time after the completion of the period of supervision unless granted relief by the Attorney General. The defendant shall cooperate in the collection of DNA as directed by the United States Probation Officer.

In addition, the defendant shall comply with the standard conditions of supervised release as recommended by the United States Sentencing Commission, and which have been adopted by this Court. The defendant shall also comply with the following special condition(s):

| Condition | Condition Description |
| --- | --- |
| 1 | You must have no contact with victim(s) in the instant offense |
| 2 | You must participate in a mental health evaluation and follow any recommendation for treatment. |
| 3 | You must participate in an outpatient program for mental health treatment as approved by the probation officer. You must remain in the program until you are released by the probation officer in consultation with the treatment provider. You must pay part or all of the costs of this treatment as directed by the probation officer. |
| 4 | You must reside in a Residential Reentry Center under contract to the United States Bureau of Prisons, for a period of 180 days. You must abide by all rules and regulations of the Center and successfully complete any programming as directed by the probation officer. |
| 5 | You must submit your person, residence, place of employment, vehicles, and papers, to a search, with or without a warrant by any probation officer based on reasonable suspicion of contraband or evidence in violation of a condition of release. Failure to submit to search may be grounds for revocation. You must warn any other occupants that the premises may be subject to searches pursuant to this condition. You must allow seizure of suspected contraband for further examination. |
| 6 | You must abstain from the consumption of alcohol and are prohibited from entering establishments where alcohol is the primary item of sale. |

7        You must participate in substance abuse testing to include not more than 104 urinalysis tests, not more than 104 breathalyzer tests, and not more than 36 sweat patch applications annually during the period of supervision. You must pay part or all of the costs of testing as directed by the probation officer.

8        You must participate in substance abuse treatment or alcohol abuse treatment program, which may include inpatient treatment, and follow the rules and regulations of that program. The probation officer will obtain the authorization of the Court before requiring residential or inpatient treatment pursuant to this condition. The probation officer will supervise your participation in the program (provider, location, modality, duration, intensity, etc.). The program may include urinalysis testing to determine if you have used drugs or alcohol. You must not attempt to obstruct or tamper with the testing methods. You must pay part or all of the costs of this treatment as directed by the probation officer.

9        You must not possess, ingest or inhale any psychoactive substances that are not manufactured for human consumption for the purpose of altering your mental or physical state. Psychoactive substances include, but are not limited to, synthetic marijuana, kratom and/or synthetic stimulants such as bath salts and spice.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to these Findings and Recommendations within 14 days of the date it is served as indicated on the Notice of Electronic Filing. The District Judge will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made, and may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the District Judge, and may

waive the right to appear and allocute before the District Judge.

DATED this 18th day of February, 2026.

Kathleen L. DeSoto
United States Magistrate Judge